11-332-cv
Gesualdi v. Laws Constr. Corp.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4ᵗʰ day of June, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > <u>Chief Judge</u>,
> RALPH K. WINTER,
> REENA RAGGI,
> > <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - - - - X

THOMAS GESUALDI, as a Trustee and as a Fiduciary of Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Fund; LOUIS BISIGNANO, as a Trustee and as a Fiduciary of Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Fund; ANTHONY PIROZZI, as a Trustee and as a Fiduciary of Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Fund; DOMINICK MARROCCO, as a Trustee and as a Fiduciary of Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Fund; ANTHONY D'AQUILA, as a Trustee and as a Fiduciary of Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Fund; FRANK FINKEL, as a Trustee and as a

1

Fiduciary of Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Fund; JOSEPH FERRARA, as a Trustee and as a Fiduciary of Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Fund, MARC HERBST, as a Trustee and as a Fiduciary of Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Fund; THOMAS PIALI, as a Trustee and as a Fiduciary of Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Fund; DENISE RICHARDSON, as a Trustee and as a Fiduciary of Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Fund,

**Plaintiffs-Appellees,**

-v.-                                          **11-332-cv**

Laws Construction Corporation,

**Defendant-Appellant.**[*]

- - - - - - - - - - - - - - - - - - - - - X

**APPEARING FOR DEFENDANT-APPELLANT:**    PAUL T. VINK, Andrew Greene & Associates, P.C., White Plains, NY.

**APPEARING FOR PLAINTIFFS-APPELLEES:**    JAMES ROBERT GRISI (Scott P. Trivella, on the brief), Trivella & Forte LLP, White Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, J.).

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

2

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED, in part, VACATED, in part, AND REMANDED**.

Defendant-Appellant, Laws Construction Corporation ("Laws"), appeals the judgment granting summary judgment in favor of Plaintiffs-Appellees, Trustees and Fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Fund ("Plaintiffs"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review <u>de novo</u> a grant of summary judgment, considering whether the district court correctly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. <u>See</u> <u>Miller v. Wolpoff & Abramson, L.L.P.</u>, 321 F.3d 292, 300 (2d Cir. 2003). In a contract dispute, "a motion for summary judgment may be granted . . . only when the contractual language on which the moving party's case rests is found to be wholly unambiguous and to convey a definite meaning." <u>Topps Co. v. Cadbury Stani S.A.I.C.</u>, 526 F.3d 63, 68 (2d Cir. 2008). Accordingly, the threshold question here "is whether the contract is unambiguous with respect to the" provisions of the contract relied upon by the parties. <u>Cont'l Ins. Co. v. Atl. Cas. Ins. Co.</u>, 603 F.3d 169, 180 (2d Cir. 2010) (internal quotation marks omitted). "An ambiguity exists where the terms of the contract could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." <u>Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp.</u>, 595 F.3d 458, 466 (2d Cir. 2010). "Whether the contract is ambiguous is a question of law for the court." <u>Cont'l Ins. Co.</u>, 603 F.3d at 180 (internal quotation marks omitted).

**[1]** The Collective Bargaining Agreement ("CBA") does not unambiguously require Laws to contribute to the Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Funds ("the Funds") for the hours worked by non-Local 282 employees of Jo-Di Trucking, Inc. ("Jo-Di"), the company retained by Laws to haul excavated material.

3

Section 6(D) of the CBA provides that "the Employer and/or Contractor shall hire only from truck or equipment suppliers whose drivers receive wages, working conditions, benefits and standards of employment no less favorable than those contained [in the CBA]," and that "[i]f the union . . . notifies the Employer and/or Contractor that a truck or equipment supplier is not complying, the Employer and/or Contractor may be responsible for such non-compliance." Accordingly, Section 6(D) requires that, in the event that Laws hires an outside trucking company (like Jo-Di), that company must provide to its drivers "wages, working conditions, benefits and standards of employment no less favorable than those contained" in the CBA for Laws's employees. If Laws hires a company that fails to compensate its workers accordingly, Laws "may be held responsible for such non-compliance."

It is not clear from Section 6(D), however, that the only way for Laws to fulfill that commitment is to contribute to the Funds. Counsel for Plaintiffs conceded that point in oral argument. It appears that Laws would be in compliance with Section 6(D) if the company it retained: directly provided its employees conforming wages, conditions, and benefits; contributed to other funds similar to the Funds on its employees' behalf; paid its employees a lump-sum at least equal to the value of the contribution to the Funds for Laws's employees; or provided at least equal wages, conditions, and benefits some other way.

That conclusion is confirmed by comparing Section 6(D) to Section 6(D)(2), which governs the Employer's retention of trucks or equipment from an "Owner-Driver."[1] Under the CBA, the Employer (Laws) expressly agrees to "make contributions to [the Funds] for an Owner-Driver in the same amounts and at the same time as for his own Employees." Section 6(D) includes no such clear command.

Plaintiffs instead rely on Section 7, regarding subcontracting, which provides that (for the work of a subcontractor on the site) "[i]n the event that any

---

[1] An Owner-Driver is "a person who owns (or in fact controls) one truck or piece of equipment, and who, in fact, personally operates that piece of equipment, and who does not possess the normal attributes of an 'Employer' in the industry." Section 6(D)(2)(a).

4

subcontractor . . . fails to pay the wages required by this Agreement, or to make contributions to [the Funds], as required by this agreement, . . . the Employer shall be responsible for such non-compliance" after it has been notified by the union. Section 7, which only requires contributions to be made to the Funds "as required by this Agreement," does not unambiguously require Laws to make contributions to the Funds (in the event that Jo-Di failed to do so and the union notified Laws). The only part of the CBA governing contributions to the Funds is Section 13(A)-(F), which concerns the Employer's obligation to make contributions for its own employees -- i.e., Laws's employees, not Jo-Di's. This is significant because Section 7 would obligate Laws to make contributions that Jo-Di was obligated to make but failed to do. Since Section 13(A)-(F) does not unambiguously require Jo-Di to make any contributions, Jo-Di may not be "required" to do so by the CBA. So it is not clear that Laws would be required under Section 7 to make those contributions in Jo-Di's stead.

Because the CBA does *not* clearly and unambiguously obligate Laws to contribute to the Funds for the hours worked by Jo-Di's employees, the district court erred in granting summary judgment to Plaintiffs as to the hours work by Jo-Di's employees.

[2] The district court also granted Plaintiffs summary judgment as to their claim that Laws owes contributions to the Funds based on hours worked by Laws's own employees. On appeal, Laws argues only that the district court overlooked its factual challenge to the accuracy of Plaintiffs' calculation of unpaid contributions, citing discrepancies in the number of hours of work for which Laws was required to contribute to each of the Funds. The argument fails, however, because the highlighted discrepancies result from differences in the contribution formulas specified for each of the Funds in the CBA, not from any error in Plaintiffs' calculations. Accordingly, the award of summary judgment as to Laws's liability for unpaid contributions based on hours worked by its own employees must be affirmed.

[3] The district court awarded attorneys' fees to Plaintiffs as the prevailing party seeking to enforce 29 U.S.C. § 1145. See 29 U.S.C. § 1132(g)(2). Because we vacate the district court's grant of summary judgment as to the hours worked by Jo-Di's employees, we vacate the award of attorneys' fees as to that portion of the matter as well.

5

The judgment of the district court is AFFIRMED, in part, and VACATED, in part, and the matter is REMANDED to the district court for further proceedings consistent with this decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk