13-1801
Richardson v. Laws Construction Corp.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         CHRISTOPHER F. DRONEY,
                          <u>Circuit Judges</u>.[*]

- - - - - - - - - - - - - - - - - - - -X
DENISE RICHARDSON, as a Trustee and as a
Fiduciary of Local 282 Welfare, Pension,
Annuity, Job Training and Vacation and
Sick Leave Trust Fund, THOMAS PIALI, as
a Trustee and as a Fiduciary of Local
282 Welfare, Pension, Annuity, Job
Training and Vacation and Sick Leave
Trust Fund, MARC HERBST, as a Trustee
and as a Fiduciary of Local 282 Welfare,
Pension, Annuity, Job Training and

---

[*] Judge Denny Chin, a member of the original panel, subsequently recused himself. The remaining two members of the panel, who are in agreement, decide this appeal in accordance with Internal Operating Procedure E(b) of the Rules of the United States Court of Appeals for the Second Circuit. <u>See</u> 28 U.S.C. § 46(d); <u>cf.</u> <u>United States v. Desimone</u>, 140 F.3d 457, 458 (2d Cir. 1998).

1

Vacation and Sick Leave Trust Fund, JOSEPH FERRARA, as a Trustee and as a Fiduciary of Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Fund, FRANK FINKEL, as a Trustee and as a Fiduciary of Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Fund, ANTHONY D'AQUILA, as a Trustee and as a Fiduciary of Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Fund, DOMINICK MARROCCO, as a Trustee and as a Fiduciary of Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Fund, ANTHONY PIROZZI, as a Trustee and as a Fiduciary of Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Fund, LOUIS BISIGNANO, as a Trustee and as a Fiduciary of Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Fund, THOMAS GESUALDI, as a Trustee and as a Fiduciary of Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Fund,

**Plaintiffs-Appellees**,

-v.-                                                        13-1801-cv

LAWS CONSTRUCTION CORP.,

**Defendant-Appellant**,
- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**          PAUL T. VINK, Andrew Greene & Associates, P.C., White Plains, NY.

2

**FOR APPELLEES:**                    JAMES ROBERT GRISI (Scott P.
                                      Trivella, <u>on the brief</u>),
                                      Trivella & Forte, LLP, White
                                      Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Laws Construction Corporation ("Laws") appeals from the judgment of the United States District Court for the Southern District of New York (Cote, <u>J.</u>), granting summary judgment in favor of the trustees and fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds ("Trustees") on their claim under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq., to recover unpaid contributions to certain union benefit funds ("Funds").  Our June 4, 2012 Summary Order ("2012 Summary Order") vacated a grant of summary judgment in favor of the Trustees and remanded for the district court to ascertain whether Laws complied with Section 6(D) (the "no less favorable" clause) of the Collective Bargaining Agreement ("CBA") by ensuring that the employees of subcontractor Jo-Di Trucking ("Jo-Di") received the monetary equivalent of certain Fund contributions. <u>Gesualdi v. Laws Const. Corp.</u>, 485 F. App'x 450, 453-54 (2d Cir. 2012).  On remand, Laws produced no new evidence that the employees had received the payments or that Laws had otherwise complied with Section 6(D); so the district court again granted summary judgment to the Trustees.  On appeal, Laws argues that the Trustees did not adduce sufficient evidence that Jo-Di's drivers did not receive the necessary payments.[1]  Laws also challenges the district court's award of attorney's fees.

---

[1] In addition, Laws argues that the Trustees lack standing to bring suit.  However, the CBA assigns the Funds an active role in policing compliance with the "no less favorable" clause; the Trustees therefore may sue to collect any delinquency arising from a breach.

3

**1.** The district court's grant of summary judgment is reviewed de novo. See Gonzalez v. City of Schenectady, 728 F.3d 149, 154 (2d Cir. 2013). "Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Id. In making this determination, we "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks and citation omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The CBA requires an employer that hires outside trucks or equipment to notify the union weekly of the amount of outside labor supplied (including the number of trucks, equipment, and work hours), and to report monthly the number of hours worked by each subcontractor employee. Laws has never disputed that it failed to report its use of Jo-Di drivers to the union. Because Laws improperly withheld this information, the district court ruled that Laws bore the burden of demonstrating compliance with the "no less favorable" clause. Gesualdi v. Laws Const. Corp., 759 F. Supp. 2d 432, 443 (S.D.N.Y. 2010).

Our 2012 Summary Order remanded for the district court to ascertain whether Laws had complied with the "no less favorable" clause by ensuring that Jo-Di "directly provided its employees conforming wages, conditions, and benefits; contributed to other funds similar to the Funds on its employees' behalf; paid its employees a lump-sum at least equal to the value of the contribution to the Funds for Laws's employees; or provided at least equal wages, conditions, and benefits some other way." Gesualdi, 485 F. App'x at 453. However, we did not question the district court's conclusion that Laws, which had sole knowledge and custody of its agreement with Jo-Di, had to show that its arrangement complied with the "no less favorable" clause of the CBA. The refusal of Laws to respond to the question posed by the district court and required by our remand affords no basis on appeal for disturbing the judgment entered in the district court.

4

**2.** When trustees prevail in an ERISA action for unpaid contributions, 29 U.S.C. § 1132(g)(2)(D) mandates an award of "reasonable attorney's fees and costs of the action, to be paid by the defendant," and we review a fee award under this provision for abuse of discretion.  <u>Chambless v. Masters, Mates & Pilots Pension Plan</u>, 885 F.2d 1053, 1058 (2d Cir. 1989).  The deference exercised in an abuse of discretion review "takes on special significance when reviewing fee decisions because the district court, which is intimately familiar with the nuances of the case, is in a far better position to make such decisions than is an appellate court, which must work from a cold record." <u>McDaniel v. Cnty. of Schenectady</u>, 595 F.3d 411, 416 (2d Cir. 2010) (internal quotation marks and brackets omitted).  Upon reviewing the record, we see no reason to upset the findings of the district court.  Nor do we see any basis on which to conclude that the court committed an error of law or abused its discretion.

For the foregoing reasons, and finding no merit in Laws' other arguments, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5